58 CCPA

**The PROCTER AND GAMBLE CO., Appellant,**

v.

**S. C. JOHNSON & SON, INC., Appellee.**
**Patent Appeal No. 8492.**

United States Court of Customs and Patent Appeals.
May 6, 1971.

Baldwin, J., dissented and filed an opinion.

---

John W. Melville, Cincinnati, Ohio (Melville, Strasser, Foster & Hoffman, Cincinnati, Ohio), attorneys of record, for appellant.

Beverly W. Pattishall, Robert M. Newbury, Chicago, Ill. (Pattishall, McAuliffe & Hofstetter, Chicago, Ill.) attorneys of record, for appellee, H. Leroy Richards, Racine, Wis., of counsel.

Before RICH, ALMOND, BALDWIN and LANE, Judges, and JONES, Judge, United States Customs Court, sitting by designation.

LANE, Judge.

This appeal is from the decision of the Trademark Trial and Appeal Board, 158 USPQ 676 (1968), sustaining appellee's opposition to the registration by appellant of the mark FORWARD for a dentifrice.[1] Appellee based its opposition on its prior registration of FORWARD for all-purpose liquid cleaning preparations.[2] We affirm.

Appellee is the first user by about sixteen years and sells its cleaning preparation in one-, five-, and twelve-gallon containers, primarily to institutional and industrial users but also to consumer outlets for general household use.

Appellant advances two main contentions for reversal. The first is that there can be no likelihood of confusion between the parties' marks because the respective goods are so different in use, in principal outlets, in methods of display, etc., that no one would expect or assume that they originated from a common source. We agree with the board that the goods are not that diverse. We are especially persuaded by the fact that appellant has registered the mark GLEEM for both a dentifrice and a cleaning compound. While that mark has not been actively promoted for the latter, we find that appellant has placed itself in an awkward position from which to argue that confusion as to source would be unlikely in this case.

Appellant also contends that appellee's conduct has nullified any likelihood of confusion. This contention is based on appellee Johnson's extensive promotion of its name with respect to waxes. Appellant contends, with some support in the record, that appellee is generally known as "Johnson's Wax" rather than as S. C. Johnson & Son or some similar name. Appellant argues from this that the public knows appellee as a producer of waxes and would not think that a dentifrice, even one bearing a mark identical to the mark used by appellee on a cleaner, came from that company. We disagree. We note that appellee's FORWARD cleaner is not a wax product but principally a non-ionic detergent with certain chelating and germicidal additives. Moreover, we do not know how many purchasers would be aware that FORWARD cleaner was made by "Johnson's Wax" or whether they would be at all influenced by the fact that the company has been in the past associated with a particular narrow line of goods.

The decision of the board is affirmed.

Affirmed.

BALDWIN, Judge (dissenting).

I disagree with the majority opinion. I feel that the mark *Forward* is a weak, laudatory mark and that there would be no likelihood of confusion as to source when that mark is used on the goods of these two parties.

---

1. Application serial No. 221,846, filed June 23, 1965.

2. Reg. 699,969, issued June 21, 1960.